UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEADRIAN BOYKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-03817-SEB-MPB ) |
| WEXFORD HEALTH SOURCES, CHRISTINA CONYERS, DUANE ALSIP, MICHAEL KING, WEXFORD OF INDIANA, LLC, | ) ) ) ) ) ) |
| Defendants. | ) |

**Order Denying Motion for Judgment on the Pleadings**

Plaintiff De'Adrian Boykins initiated this civil rights action under 42 U.S.C. § 1983 in September 2019. Dkt. 2. He sought leave to file an amended complaint, dkt. 25, and in December 2020, the Court granted his request, dkt. 35. Under the amended complaint, Mr. Boykins asserted Eighth Amendment deliberate indifference claims against Wexford of Indiana, LLC, and Health Services Administrator Michael King. *See id.* at 1-2. These two defendants have moved for judgment on the pleadings, arguing that Mr. Boykins' claims are barred by the doctrine of *res judicata*. For the reasons explained below, the defendants' motion, dkt. [70], is **denied**.

**I. Procedural Posture and Factual Allegations**

Mr. Boykins filed his original complaint in September 2019. Dkt. 2. He named Christina Conyers, Duane Alsip, and Wexford of Indiana, LLC,[1] as defendants, and he alleged that he did not receive glucose monitoring and insulin as ordered after he was moved to segregation in June

---

[1] The complaint identified Wexford as "Wexford Health Sources," dkt. 2, but the Court understands that Wexford of Indiana, LLC, was responsible for providing medical services to inmates at Pendleton Correctional Facility at the relevant time.

1

2019. *Id.* The Court screened the complaint and allowed Eighth Amendment claims against Ms. Conyers and Mr. Alsip to proceed.[2] Dkt. 10.

In December 2020, the Court granted Mr. Boykins' request to file an amended complaint, and the amended complaint is the operative pleading in this action. Dkt. 35 at 1. The amended complaint names Ms. Conyers, Mr. Alsip, Health Services Administrator Michael King, and Wexford as defendants. Dkt. 36 at 1.

Mr. Boykins alleges that he is a severe diabetic and has a "medical order" for glucose monitoring and insulin shots three times a day. *Id.* at 2. He was moved to segregation on June 12, 2019, and thereafter did not receive a midday glucose check or insulin shot. *Id.* As a result, he experienced "severe symptoms of high blood sugar" such as vomiting, dehydration, extreme thirst, constant urination, nausea, loss of appetite, cramps/muscle tightness, shortness of breath, blurred vision, and severe headaches. *Id.*

Mr. Boykins wrote to Mr. King and Mr. Alsip, informing them of the missed glucose monitoring and insulin shots. *Id.* at 2-3. Neither Mr. King nor Mr. Alsip took action to ensure Mr. Boykins received the necessary medical treatment. *Id.* When Mr. Boykins filed a grievance with Ms. Conyers, she denied it as untimely and did nothing to resolve Mr. Boykins' complaint. *Id.* Based on these allegations, the Court allowed Eighth Amendment deliberate indifference claims to proceed against Ms. Conyers, Mr. Alsip, Mr. King, and Wexford. Dkt. 35 at 2; *see also* dkt. 10.

In May 2021, defendants Mr. King and Wexford filed a motion for judgment on the pleadings.[3] Dkt. 70. They contend that Mr. Boykins' claims against them are barred by the doctrine of *res judicata* because he presented similar claims in another case in this Court, *Boykins v.*

---

[2] All claims against Wexford were dismissed for failure to state a claim. Dkt. 10 at 2-3.
[3] Defendants Ms. Conyers and Mr. Alsip have filed a motion for summary judgment. Dkt. 61. That motion will be addressed in a separate Order.

*Griffith, et al.*, No. 1:19-cv-00610-TWP-DML ("*Boykins I*"). Mr. Boykins has responded in opposition to the motion for judgment on the pleadings, dkt. 71, and Mr. King and Wexford have replied, dkt. 72. The motion for judgment on the pleadings is now ripe for the Court's consideration.

**II. Discussion**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *United Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). "As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party." *Federated Mutual Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Because *res judicata* is an affirmative defense, a motion for judgment on the pleadings in an appropriate way to raise the defense. *See Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). It blocks subsequent litigation "if there is (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." *Barr v. Bd. of Tr. of West. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015). In this case, the last element is the one that precludes judgment on the pleadings.

To satisfy the last element, "the claims must arise from the same set of operative facts or the same transaction." *In re LB Steel, LLC*, 572 B.R. 690, 700 (N.D. Ill. 2017) (citing *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)). "Whether there

3

is an identity of the cause of action depends on whether the claims comprise the same core of operative facts that give rise to a remedy." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

Mr. King and Wexford contend that this element is satisfied because Mr. Boykins now "alleges deliberate indifference for his alleged failure to receive his midday insulin while in disciplinary segregation [] in late-2018 and 2019." Dkt. 70 at 5-6. But their interpretation of Mr. Boykins' claims in *Boykins I* is too broad. There, Mr. Boykins alleged that prison officials violated his Eighth Amendment rights when they denied him glucose monitoring and insulin shots after he was placed in segregation on November 21, 2018. *See Boykins I*, dkt. 8 at 3-4. Here, Mr. Boykins challenges a similar denial of glucose monitoring and insulin shots when he was placed in segregation for a second time on June 12, 2019. Dkt. 36 at 2-3. Although the factual allegations are similar, there are two sets of operative facts that give rise to a remedy: one beginning in November 2018 and a second beginning in June 2019. Because there are two sets of operative facts, there is no identity of the causes of action. Thus, Mr. King and Wexford are not entitled to judgment on the pleadings.

### III. Conclusion

Mr. King and Wexford have not established an identity of the causes of action in *Boykins I* and this action. Consequently, the motion for judgment on the pleadings, dkt. [70], is **denied**. The following deadlines are applicable to Mr. Boykins' claims against Mr. King and Wexford:

A. **Discovery: April 29, 2022**

    The parties shall complete written discovery and discovery requests pursuant to Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure. This means discovery must be served 30 days before the deadline to allow time for a response.

4

B.  **Motions for Summary Judgment: May 31, 2022**

Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and thus the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56 and Local Rule 56-1.

C.  **Trial Date: Not currently scheduled**

If this case is not resolved by settlement, motion, or other ruling, the Court will set a trial date.

**IT IS SO ORDERED.**

Date: 3/16/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DEADRIAN BOYKINS
201883
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov

Marley Genele Hancock
CASSIDAY SCHADE LLP
mhancock@cassiday.com

Adam Jay Harvey
OFFICE OF THE INDIANA ATTORNEY GENERAL
adam.harvey@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
mmccann@taylorlitigation.com

Erika Lauren Steuerwald
KATZ KORIN CUNNINGHAM, P.C.
esteuerwald@kkclegal.com

Robert Lewis Yates
INDIANA ATTORNEY GENERAL
Robert.yates@atg.in.gov

Jarod M. Zimmerman
KATZ KORIN CUNNINGHAM, P.C.
jzimmerman@kkclegal.com